**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3906-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ANTONIO JONES,

     Defendant-Appellant.

_____

> Submitted May 19, 2021 – Decided July 29, 2021
>
> Before Judges Geiger and Mitterhoff.
>
> On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 12-05-1001.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Anthony J. Vecchio, Designated Counsel, on the brief).
>
> Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel; Dina R. Khajezadeh, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Antonio Jones appeals from a March 26, 2020 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm, substantially for the reasons set forth in Judge Guy P. Ryan's well-reasoned written opinion. We add only the following brief comments.

Following a six-day jury trial, defendant was convicted of first-degree robbery, N.J.S.A. 2C:15-1, and fourth-degree obstruction of the administration of law, N.J.S.A. 2C:29-1. These charges stem from an incident where defendant robbed a student with a novelty gun in Lakewood Township. One of the items stolen was a shekel coin that was later discovered in defendant's pocket when he was arrested. On June 27, 2014, defendant was sentenced to an extended term of life without parole, N.J.S.A. 2C:43-7.1(a), and a concurrent eighteen-month sentence on the obstructing the administration of law conviction.

Defendant filed a direct appeal and, after the matter was resubmitted for a decision following remand, we rejected his arguments and affirmed his conviction. State v. Jones, A-063-14 (App. Div. Aug. 30, 2017) (slip op. at 10-11). In rejecting defendant's speedy trial violation argument, we noted:

> On October 24, 2012, defense counsel made another request for additional discovery: additional MVR videos from a second patrol car, a booking video and criminal investigation pictures taken by the Sheriff's Department. The trial court issued an order requiring that the additional discovery be provided by January 14,

2

2013. It was ultimately determined that the booking video . . . did not exist . . . .

[Id. at 4-5.]

Defendant unsuccessfully petitioned the Supreme Court for certification. State v. Jones, 232 N.J. 301 (2018).

In lieu of restating the evidence presented at trial, we incorporate by reference the facts described in our unpublished opinion. See Jones, slip op. at 11-14. On May 18, 2018, defendant filed a pro se petition for PCR. Defendant's appointed counsel filed a brief, arguing that his trial counsel was ineffective for (1) failing to determine whether there were cameras in the booking room when defendant was arrested; and (2) not calling an allegedly exculpatory witness.

On March 26, 2020, following two days of oral argument, Judge Ryan issued a twenty-four-page written opinion denying defendant's PCR petition. The judge, citing this court's opinion, found that his trial counsel had requested the booking video be produced. Moreover, the judge correctly noted that this court concluded that no video actually existed. The judge determined that the "ambiguous" testimony from an officer with "another police agency"[1] was insufficient to establish a prima facie claim of ineffective assistance of counsel.

---

[1] Specifically, the Ocean County Sheriff's Department.

A-3906-19

In that regard, the judge emphasized the testimony from the officer of the Lakewood Police Department that there were no cameras in the booking area when defendant was arrested. The judge also highlighted that defendant did not submit "an affidavit from anyone with knowledge that any cameras existed in 2012 [or] that any video existed."

Judge Ryan also determined defendant's contention that his trial counsel was ineffective in failing to call a clerk from the liquor store as a witness was nothing more than a "bald assertion." Defendant claims that, immediately prior to his arrest, he left a liquor store and was inadvertently given the shekel coin by the clerk. The judge, however, noted that defendant failed to submit an affidavit or certification "from the liquor store employee demonstrating any exculpatory information," nor did he submit any "liquor store records."

On appeal, defendant raises the following argument for our consideration:

POINT I

THE PCR COURT ERRED IN NOT GRANTING DEFENDANT AN EVIDENTIARY HEARING WHERE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE OF TRIAL COUNSEL'S FAILURE TO CONDUCT AN ADEQUATE PRE-TRIAL INVESTIGATION.

We find no merit in this argument. R. 2:11-3(e)(2).

4                                                                      A-3906-19

To establish a claim of ineffective assistance of counsel, a defendant must satisfy a two-part test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the two-prong Strickland test in New Jersey). A defendant is only entitled to an evidentiary hearing when he "has presented a prima facie claim in support of post-conviction relief," State v. Preciose, 129 N.J. 451, 462 (1992), meaning that a defendant must demonstrate "a reasonable likelihood that his . . . claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997). A defendant bears the burden of establishing a prima facie claim. State v. Gaitan, 209 N.J. 339, 350 (2012). Moreover, a defendant must "do more than make bald assertions that he was denied the effective assistance of counsel" to establish a prima facie claim entitling him to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). The decision to proceed without an evidentiary hearing is reviewed for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing Marshall, 148 N.J. at 157-58).

We conclude that, because defendant has failed to establish a prima facie claim of ineffective assistance of counsel, Judge Ryan did not abuse his discretion in denying defendant's request for an evidentiary hearing. See R. 3:22-10(b). We reject defendant's contention that his trial counsel was ineffective in failing to obtain the purported booking video. As Judge Ryan determined, this court previously found that defendant's trial counsel requested the booking video, but no such video existed. Jones, slip op. at 4-5. In the absence of any cognizable evidence to the contrary, defendant's contention is nothing more than a bald assertion. See Cummings, 321 N.J. Super. at 170.

We are also unconvinced that defendant's trial counsel was ineffective in failing to call the clerk from the liquor store as an exculpatory witness. "Where, as here, the defendant asserts that his attorney failed to call witnesses who would have exculpated him, he must assert the facts that would have been revealed, 'supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification.'" State v. Petrozelli, 351 N.J. Super. 14, 23 (App. Div. 2002) (quoting Cummings, 321 N.J. Super. at 170). Defendant's failure to include a certification or affidavit from the liquor store clerk is fatal to his claim.

A-3906-19

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3906-19